UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HADAS GOLDFARB

                        REMAND ORDER
            Plaintiff,                    17-cv-3513

   - against -

THE NEW YORK AND PREBYTERIAN HOSPITAL,
and CITY OF NEW YORK,

                Defendants.
------------------------------------------------------------------x
GLASSER, Senior United States District Judge:

      Plaintiff Hadas Goldfarb ("Plaintiff") commenced this action on May 23, 2017 in New York State Supreme Court, Kings County, against New York and Presbyterian Hospital ("Hospital") and the City of New York (the "City," together the "Defendants") alleging religious discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., New York Executive Law § 296 and New York City Human Rights Law § 8-107. The case was removed to this Court on June 12, 2017, based on the Court's original jurisdiction under 28 U.S.C. § 1331. Plaintiff subsequently amended her complaint to remove the federal law claims, and now seeks to remand the case and recover the associated attorney's fees and costs. ECF 13. The Defendants consent to remand, but oppose Plaintiff's request for attorney's fees. ECF 19, Opposition, at p. 1.

## BACKGROUND

      Both Defendants were duly served on May 24, 2017. ECF 18, Dec. of Lori Medley, at ¶ 3. Thereafter, counsel for the Hospital and City met and agreed that removal was appropriate in light of the federal claims asserted. Id. at ¶¶ 4-8. On June 12, 2017, the Hospital filed a notice of removal pursuant to 28 U.S.C. § 1441(a), and notified the City's counsel that it had done so. ECF 6 (the "Notice"); Medley Dec. at ¶ 11. The Notice states that the City consented to

1

removal. ECF 6 at ¶ 11. The City's counsel also communicated with Plaintiff's counsel that day, and directly informed him that the City consented to removal and would be filing a notice of appearance the following day. ECF 18-1, Email, at p. 6; see also ECF 18-1, Fain Dec., at ¶¶ 10, 14, 17. Accordingly, the City's counsel appeared in this action the next day, June 13, 2017. ECF 8. Hours later, Plaintiff filed an amended complaint which eliminated the federal claims. ECF 9. The City's attorney affirms that she intended to file a written consent for removal, but determined it was unnecessary in light of the Amended Complaint. ECF 18-1, Dec. of Courtney P. Fain, at ¶ 16. On June 21, 2017, Plaintiff's counsel asked the Hospital's counsel if she would stipulate to remand, to which she responded, "I am still reviewing the issue with my client and will get back to you as soon as possible." ECF 20-1. Plaintiff filed this motion on June 25, 2017, four days later and thirty two days after service. ECF 13.

## DISCUSSION

Remand is indisputably appropriate. Plaintiff's Amended Complaint eliminated her federal claims, this Court lacks jurisdiction over this action, and all parties consent to remand. Plaintiff's motion to remand is therefore GRANTED.

The sole remaining issue is whether Plaintiff is entitled to attorney's fees against the Hospital. Under 28 U.S.C. § 1447(c), a district court in its discretion may award just costs and attorney's fees incurred as a result of removal. Courts should award such fees "only where the removing party lacked an objectively reasonable basis for seeking removal," and fees should be denied if an objectively reasonable basis exists for the removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Plaintiff contends that the Hospital's removal was procedurally defective—and therefore unreasonable—because the City failed to properly consent to removal within thirty days of service as required by 28 U.S.C. § 1446(b)(2)(A). ECF 13-1 at pp. 3-4, 7-8.

2

Section 1446(b)(2)(A) requires all defendants to "join in or consent to the removal of the action" within thirty days of service. The Second Circuit has "not yet advised what form a consent to removal must take." Pietrangelo v. Alvas Corp., 686 F.3d 62, 66 (2d Cir. 2012). However, courts in this Circuit have generally required that all defendants "either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the thirty-day period." In re Village of Kiryas Joel, N.Y., No. 11–cv–8494, 2012 WL 1059395 at *3 (S.D.N.Y. March 29, 2012) (citing cases). It is not enough for the removing defendant to simply state that the other defendants consent. Id.

Even assuming that removal was procedurally defective, the Hospital acted reasonably and Plaintiff is not entitled to attorney's fees. The Hospital had a proper basis for removing the action under section 1441(a), consulted with and obtained consent from its co-defendant, and filed the proper Notice with the Court within thirty days of service. That Plaintiff amended her complaint to extinguish this Court's jurisdiction before the City consented to removal in no way suggests that the Hospital acted unreasonably. Nor is there a basis for holding the Hospital responsible for the City's determination, unreasonable or not, that filing a separate consent was unnecessary in light of the amended complaint. Indeed, Plaintiff was on direct notice from the City that all defendants consented to removal, and there is no doubt that the City would have filed an appropriate and timely written consent had the original complaint remained intact. Because the Hospital had an objectively reasonable basis for removing this action, Plaintiff's request for attorney's fees is DENIED.[1]

---

[1] To the extent Defendants seek to dismiss Plaintiff's Title VII claim with prejudice, that issue is not properly before the Court nor have Defendants cited any authority in furtherance of that request. ECF 19, Opposition, at p. 8.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is granted and this case is hereby remanded to the New York State Supreme Court, Kings County. Plaintiff's motion for attorney's fees is denied.

SO ORDERED.

Dated:	Brooklyn, New York
	September 1, 2017

/s/
I. Leo Glasser